ORIGINAL
FILED

05 AUG 16 PM 4:02

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Thomas F. Smegal, Jr. (CSB # 34,819), tsmegal@kmob.com
   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
2  One Sansome Street, Suite 3500
   San Francisco, CA  94104
3  Telephone (415) 954-4114
   Facsimile (415) 954-4111
4
   Irfan A. Lateef (CSB # 204,004), ilateef@kmob.com
5  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, 14th Floor
6  Irvine, CA 92614
   Telephone:  (949) 760-0404
7  Facsimile:  (949) 760-9502
8  Albert Robin, ALR@cll.com
   **COWAN, LIEBOWITZ & LATMAN, P.C.**
9  1133 Avenue of the Americas
   New York, NY 10036-6799
10 Telephone (212) 790-9200
   Facsimile (212) 575-0671
11                                              **E-Filing**
12 **Attorneys for Plaintiff FERRARI S.P.A.**
13
14                IN THE UNITED STATES DISTRICT COURT

                 FOR THE NORTHERN DISTRICT OF CALIFORNIA            CW

15
16 FERRARI S.P.A., an Italian corporation,  )  **C 05   3336**
17                Plaintiff,                 )
                                            )
18        v.                                 )  **COMPLAINT FOR BREACH OF**
                                            )  **CONTRACT, PATENT**
19 AB MODELS, a Nevada company;             )  **INFRINGEMENT, TRADEMARK**
   AUTO BARN, INC., a California            )  **INFRINGEMENT, FALSE**
20 corporation; FRED GHAZANFARY, a          )  **DESIGNATION OF ORIGIN AND**
   California resident; and ARI AFSHARI, a  )  **FALSE REPRESENTATION,**
21 California resident,                      )  **DILUTION, STATUTORY**
                                            )  **UNFAIR COMPETITION, AND**
22                Defendants.                )  **COMMON LAW UNFAIR**
                                            )  **COMPETITION**
23
24
25
26
27
28

COMPLAINT

Plaintiff Ferrari S.p.A. for its complaint avers as follows:

## I. THE PARTIES

1.      Plaintiff, Ferrari S.p.A., also known as Ferrari Societa per Azioni Esercizio Fabbriche Automobili e Corse (hereinafter sometimes referred to as "Ferrari"), is an Italian corporation with its principal office and place of business in Modena, Italy.

2.      Plaintiff is informed and believes and therefore avers that Defendant AB Models is a Nevada corporation with a place of business at 969-J Industrial Road, San Carlos, California 94070.

3.      Plaintiff is informed and believes and therefore avers that Defendant Auto Barn, Inc. (hereinafter referred as "Auto Barn"), is a California corporation with a place of business at 969-J Industrial Road, San Carlos, California 94070.

4.      Plaintiff is informed and believes and therefore avers that Defendants Fred Ghazanfary and Ari Afshari (hereinafter referred to as the "Individual Defendants") are citizens and residents of the State of California and have a place of business at 969-J Industrial Road, San Carlos, California 94070.

5.      Plaintiff is informed and believes and therefore avers that one or both of the Individual Defendants own, operate and substantially control Defendants AB Models and Auto Barn and the web site at autobarnmodels.com, and that the acts of Defendants AB Models and Auto Barn are the acts of one or both of the Individual Defendants.

## II. JURISDICTION AND VENUE

6.      This is an action for breach of contract, patent infringement, trademark infringement, false designation of origin and false representation, dilution, statutory unfair competition, and common law unfair competition. The action arises under the Patent Laws of the United States, 35 U.S.C. Section 1 *et seq.*, under the Trademark Act of 1946, Title 15 U.S.C. Section 1051 *et seq.*, California Business and Professions Code Section 14200 *et seq.* and Section 17200 *et seq.* and under the common law. Jurisdiction of this Court arises under Title 28 U.S.C. Sections 1331, 1332, 1338, and 1367. The claims for breach of contract,

COMPLAINT                                    - 1 -

1   unfair competition, dilution and false advertising are substantial and related to the claims for

2   patent infringement, trademark infringement and false designation of origin.

3       7.      This is also an action between a citizen of Italy and citizens of the states of

4   California and Nevada wherein the amount in controversy exceeds the sum or value of

5   $75,000, exclusive of interest and costs.

6       8.      Venue is proper in this judicial district under Title 28 U.S.C. Sections 1391

7   and 1400.

8                   **III.  INTRADISTRICT ASSIGNMENT**

9       9.      In accordance with Local Rules 3-2(d) and 3-5(b), this action arises out of

10  activities by Defendants within this district.  The Defendants maintain a place of business in

11  San Carlos, California.

12                      **IV.  FERRARI'S RIGHTS**

13      10.     Since prior to the acts of Defendants complained of in this action, Ferrari has

14  been and now is engaged in the manufacture, or having manufactured for it, offering for sale

15  and sale of high performance automobiles, parts and accessories and other products and the

16  rendering of related services.

17      11.     Since prior to the acts of Defendants complained of in this action, Ferrari has

18  been and now is using the trademarks FERRARI, a stylized display of FERRARI, a

19  FERRARI Logo consisting of the stylized FERRARI in combination with a Prancing Horse

20  Design, a SF Logo consisting of SF and the Prancing Horse Design and the Prancing Horse

21  Design alone as trademarks (sometimes referred to herein collectively as the "Ferrari Marks")

22  for its high performance automobiles, parts and accessories and as service marks for related

23  services.

24      12.     In addition to automobiles and parts, Ferrari has been using the Ferrari Marks

25  on various other products.

26      13.     Ferrari has also entered into agreements with other companies which

27  manufacture and sell, as related companies, products bearing the Ferrari Marks, including

28  agreements with companies to manufacture and sell scale models of FERRARI automobiles.

COMPLAINT                           - 2 -

14.     One of the companies with whom Ferrari entered into a non-exclusive license agreement to manufacture scale models of certain FERRARI automobiles was defendant AB Models.

15.     The non-exclusive license agreement between Ferrari and AB Models (hereinafter referred to as the "Agreement") was made on December 1, 2003, for a term commencing on November 1, 2003 and expiring on October 31, 2006, and granted AB Models a non-exclusive license to make 1:43 scale models of the race versions of the Ferrari 360 automobile in six different race schemes, of the Ferrari F40 automobile in four different race schemes, and of the Ferrari 550 automobile in four different paint schemes and to use the Ferrari Marks and Model Names (as hereinafter defined) on and in connection therewith.

16.     Ferrari is the owner of numerous federal registrations of the Ferrari Marks issued by the United States Patent and Trademark Office, including the following:

| Mark | Reg. No. | Date |
| --- | --- | --- |
| FERRARI (Logo) | 862,632 | 12/31/68 |
| SF Logo | 862,633 | 12/31/68 |
| Prancing Horse Design | 863,434 | 1/14/69 |
| FERRARI (Stylized) | 1,825,268 | 3/08/94 |

17.     The registrations set forth in paragraph 16 are now outstanding, validly subsisting and uncancelled, constitute conclusive evidence of Ferrari's exclusive rights to use the trademarks covered thereby, and Ferrari is the owner thereof.

18.     Ferrari uses model names to identify various of its automobiles, including 360 Modena, F 40, 550 Maranello and F-2003 GA, and others (sometimes referred to herein collectively as the "Ferrari Model Names"), which model names also serve to identify their source. F40, 360 Modena and 550 Maranello are the subject of validly subsisting trademark registrations issued by the United States Patent and Trademark Office.

19.     Ferrari is also the owner by assignment of U.S. Design Patents covering the ornamental design of some of its automobiles, including U.S. Patent No. Des. 389,436 covering the ornamental design of the FERRARI 550 Maranello automobiles, U.S. Patent No.

Des. 411,138 covering the ornamental design of the FERRARI 360 Modena automobile, and U.S. Patent No. Des. 496,075 covering the ornamental design of the FERRARI F-2003 GA automobile.

## V. **DEFENDANTS' ACTIVITIES**

20.    Plaintiff is informed and believes and therefore avers that AB Models, by itself and/or through Auto Barn, has sold and continues to sell scale models of the FERRARI 360 Modena and FERRARI 550 Maranello automobiles, some of which have never been approved by Ferrari.

21.    While AB Models paid to Ferrari the $10,000 Guaranteed Minimum Payment due upon signing of the Agreement, its has not paid to Ferrari the Guaranteed Minimum Payments due on April 30, 2004 and on December 31, 2004.

22.    AB Models is also in breach of the Agreement in the following respects:

(a)  It has failed to provide the irrevocable first demand bank guarantee required by Clause 5.3;

(b)  It has failed to provide the summary status required by Clause 11.2;

(c)  It has failed to provide the list of facilities used for the manufacture of Products required by Clause 13.5;

(d)  It has failed to provide the third party liability insurance required by Clause 14.2; and

(e)  It has not regularly used the anti-counterfeiting tags required by Clause 17.

23.    By letter dated February 9, 2005, and sent by overnight mail, Ferrari's attorney advised AB Models that in view of its repeated breaches of the Agreement, Ferrari was terminating the Agreement pursuant to Clauses 21.5 and 22 with immediate effect.  The February 9, 2005 letter went on to state that providing the $20,000 Guaranteed Minimum Payment, which was due April 30, 2004, were to be paid, and AB Models furnished Ferrari with a statement as to its inventory of the licensed products and complied the other provisions of Clause 23 of the Agreement, AB Models would have a Sell-Off Period off ninety days from the date thereof to sell its existing inventory.

24.     AB Models has not made the Guaranteed Minimum payment nor complied with any of the other provisions described in Paragraph 23 above.  Instead, AB Models and/or the other Defendants have continued to offer for sale in magazines, in show rooms and on the autobarnmodels.com web site the scale models of the FERRARI 360 Modena and 550 Maranello automobiles, including those styles which have never been approved by Ferrari.

25.     In addition, Auto Barn has offered for sale a weathered FERRARI F-2003 GA in 1:43 scale which was made and sold without Ferrari's permission.

26.     The sale by Defendants of the scale models referred to in paragraphs 24 and 25, above, caused irreparable injury to the Ferrari Trademarks and to Ferrari S.p.A. good will.

## VI. FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

27.     Plaintiff repeats and reavers the averments of paragraphs 1 through 26, inclusive, of this Complaint

28.     The failure of AB Models to pay to Ferrari S.p.A. the Guaranteed Minimum Payments due on April 30, 2004, and December 31, 2004, and the other failures of AB Models to comply with the provisions of the Agreement constitute breach of contract.

29.     Plaintiff has been damaged by AB Models' breach of contact in the amount in excess of $50,000, which will include $50,000 in unpaid Guaranteed Minimum Payments and such other damages as it has sustained by reason of AB Models' breach of contract.

## VII. SECOND CAUSE OF ACTION

## PATENT INFRINGEMENT

30.     Plaintiff repeats and reavers the averments of paragraphs 1 through 29, inclusive, of this Complaint.

31.     The scale models of the FERRARI 360 Modena, 550 Maranello and FERRARI F-2003 GA automobiles being sold by Defendants infringe Ferrari S.p.A.'s design patents covering the ornamental design of such automobiles as set forth in paragraph 19 above.  These scale models are being sold without license under the design patents and are thereby infringing said patents.

COMPLAINT                                    - 5 -

32.    Ferrari is informed and believes and therefore avers that Defendants have willfully infringed its rights in the said design patents covering the ornamental design of the FERRARI 360 Modena, 550 Maranello and F-2003 GA automobiles.

33.    The conduct of Defendants as herein averred has damaged Ferrari and will, unless restrained, cause irreparable injury to Ferrari, and Ferrari has no adequate remedy at law.

## VIII.  THIRD CAUSE OF ACTION
### TRADEMARK INFRINGEMENT

34.    Plaintiff repeats and reavers the averments of paragraphs 1 through 33, inclusive, of this Complaint.

35.    Defendants' unauthorized sale of models of FERRARI automobiles bearing reproductions, counterfeits or copies of the Ferrari Marks and the Ferrari Model Names is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products are Plaintiff's, or are endorsed by Plaintiff, or are sponsored or authorized by Plaintiff, or are connected in some way with Plaintiff.

36.    The acts and conduct of Defendants complained of herein constitute willful infringement of the registered Ferrari Marks and the registered Ferrari Model Names in violation of Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

37.    The conduct of Defendants as herein averred has damaged Plaintiff and will, unless restrained, further impair, if not destroy, the value of Ferrari's trademarks and good will, and Plaintiff has no adequate remedy at law.

## IX.  FOURTH CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION

38.    Plaintiff repeats and reavers the averments of paragraphs 1 through 37, inclusive, of this Complaint.

39.    The designations FERRARI, stylized FERRARI, FERRARI Logo, SF Logo and Prancing Horse Design and the Ferrari Model Names as used by Defendants on or in connection with the sale of products not made or authorized by Plaintiff, constitute false

1    designations of the origin of Defendants' products and false description and representations
2    that Defendants' products originate with Plaintiff, or are sponsored or authorized or approved
3    by Plaintiff.

4         40.    The conduct of Defendants as averred in paragraph 39 above violates Section
5    43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

6         41.    Plaintiff is likely to be damaged by Defendants' use of said false designations,
7    descriptions and representations in that the public is likely to be induced into Defendants'
8    scale models of FERRARI automobiles in the mistaken belief that such products are
9    Plaintiff's, or are sponsored by Plaintiff or authorized or approved by Plaintiff, or are
10   connected in some way with Plaintiff.

11        42.    The conduct of Defendants as herein averred has damaged Plaintiff and will,
12   unless restrained, further impair, if not destroy, the value of the Ferrari Mark and Model
13   names and goodwill, and Plaintiff has no adequate remedy at law.

## X.  FIFTH CAUSE OF ACTION

### DILUTION

16        43.    Plaintiff repeats and reavers the averments of paragraphs 1 through 42,
17   inclusive, of this Complaint.

18        44.    Defendants' use of identical copies of Ferrari's FERRARI, stylized FERRARI,
19   FERRARI Logo, SF Logo and Prancing Horse Design trademarks is likely to injure Ferrari's
20   business reputation and to dilute the distinctive quality of Ferrari's trademarks in violation of
21   the California Dilution Statute, California Business and Professions Code Section 14330.

22        45.    The conduct of Defendants as described herein has damaged Ferrari and will,
23   unless restrained, further impair, if not destroy, the value of Ferrari's trademarks and the
24   goodwill associated therewith, and Ferrari has no adequate remedy at law.

## XI.  SIXTH CAUSE OF ACTION

### STATUTORY UNFAIR COMPETITION

27        46.    Plaintiff repeats and reavers the averments of paragraphs 1 through 43,
28   inclusive, of this Complaint.

COMPLAINT                                        - 7 -

47. By reason of the foregoing, Defendants have engaged in unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code Section 17200 *et seq.*

48. Unless enjoined by this Court under the California and Professions Code Section 17200 *et seq.*, Defendants will continue their unlawful, unfair and fraudulent business practices thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

## XII. SEVENTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

49. Plaintiff repeats and reavers the averments of paragraphs 1 through 48, inclusive, of this complaint.

50. By reason of the foregoing, Defendants have engaged in acts of unfair competition in violation of the common law of California.

51. Unless enjoined by this Court, Defendants will continue their acts of unfair competition thereby causing Plaintiff irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. That Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained from infringing Ferrari S.p.A.'s design patents as complained of in this Complaint.

B. That Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained from using in the manufacture, advertising, offering for sale, sale or distribution of model automobiles not made or authorized by plaintiff the designations FERRARI, stylized FERRARI, FERRARI Logo, SF Logo and Prancing Horse Design Logo and any other designations which by colorable imitation or otherwise are likely to be mistaken for or confused with Ferrari's FERRARI, stylized FERRARI, FERRARI Logo, SF Logo and Prancing Horse

1    Design Logo trademarks or which are likely to create the erroneous impression that

2    Defendants' products originate with Ferrari, or are endorsed by Ferrari, or are sponsored by

3    Ferrari, or are connected in some way with Ferrari.

4          C.      That Defendants, their officers, agents, servants, employees and attorneys and

5    all persons in active concert or participation with them, be enjoined and restrained from using

6    the Ferrari Model Names on or in connection with model automobiles not made or authorized

7    by Ferrari.

8          D.      That Defendants, their officers, agents, servants, employees and attorneys and

9    all persons in active concert or participation with them, be enjoined and restrained from using

10    the false designations and representations complained of in this Complaint.

11          E.      That Defendants, their officers, agents, servants, employees and attorneys and

12    all persons in active concert or participation with them, be enjoined and restrained from

13    injuring Ferrari's business reputation and diluting the distinctive quality of Ferrari's

14    trademarks as complained of in this Complaint.

15          F.      That Defendants, their officers, agents, servants, employees and attorneys and

16    all persons in active concert or participation with them, be enjoined and restrained from

17    competing unfairly with Ferrari as complained of this Complaint.

18          G.      That Ferrari recover of and from Defendant AB Models the damages which it

19    has sustained by reason of the breach of contract complained of in this Complaint, with

20    interest from the dates upon which such damages accrued.

21          H.      That Defendants be required to account to Ferrari for any and all profits

22    derived by it and all damages sustained by Ferrari by reason of the acts complained of in this

23    Complaint and that such damages be trebled pursuant to federal and California law.

24          I.      That Ferrari be awarded punitive damages for the willful violations of

25    California law complained of in this Complaint.

26          J.      That all model automobiles in the possession, custody or control of

27    Defendants, and all kits, models, molds, plates, matrices and other means of making the same,

28

COMPLAINT                  - 9 -

which might if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct.

K.   That Defendants within thirty (30) days after service of Judgment, with notice of entry, thereof, be required to file with the Court and serve upon Ferrari a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraph J, *supra*.

L.   That Ferrari have and recover the costs of this civil action, including its reasonable attorney fees.

M.   That Ferrari have such other and further relief as to the Court may seem just and equitable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: *16 Aug. 2005*          By: _____
                                    Thomas F. Smegal, Jr.
                                    Irfan A. Lateef
                                    Attorneys for Plaintiff, FERRARI S.P.A.

*Of counsel:*

Albert Robin, ALR@cll.com
**COWAN, LIEBOWITZ & LATMAN, P.C.**
1133 Avenue of the Americas
New York, NY 10036-6799
Telephone (212) 790-9200
Facsimile (212) 575-0671

1866775
081505

COMPLAINT                    - 10 -